

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ANGELA MAY,           § | |
|         Plaintiff,   § | |
| § | |
| vs.           § | Civil Action No. 9:20-02197-MGL |
| § | |
| KILOLO KIJAKAZI, *Acting Commissioner of* § | |
| *the Social Security Administration*,           § | |
|         Defendant.   § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING THE DECISION OF DEFENDANT**

       This is a Social Security appeal in which Plaintiff Angela May (May) seeks judicial review of the final decision of Defendant Kilolo Kijakazi (Kijakazi) denying her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act).  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court affirm Kijakazi's decision.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

       The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on October 6, 2021, May filed her objections on November 4, 2021, and Kijakazi filed her reply on November 18, 2021. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

On June 19, 2017, May initially filed her application for DIB. She contended her disability commenced on March 11, 2016. Kijakazi denied May's application for DIB initially and upon reconsideration. May then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ subsequently conducted on June 6, 2019.

On July 3, 2019, the ALJ issued a decision in which he found May not disabled under the Act. The Appeals Council denied May's request for review of the ALJ's decision, and an appeal to this Court followed.

The Act has, by regulation, reduced the statutory definition of "disability" to a series of five sequential questions to determine if a person is disabled. 20 C.F.R. §§ 404.1520(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment as set forth in the Listings of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix I; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the

record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of [a] court to determine the weight of the evidence; nor is it [the court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, a court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, a court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d 1249, 1250 (8th Cir. 1987) (citing Section 405(g)) ("In reviewing a denial of Social Security benefits, [a] court must determine whether substantial evidence on the record as a whole supports the Secretary's decision.").

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272–73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

May's objections are primarily general and conclusory and fail to direct the Court to a specific error in the Report.  *See generally* Reply at 2 (noting May's objections "consist of reciting something from the [Report], saying 'we object,' and then noting prior arguments.")  But the Court, out of an abundance of caution, construes four objections stemming from the ALJ's evaluation of May's doctor's (Dr. Jacobus) opinion evidence and will review them de novo.  As to the first, May objects to the Magistrate Judge's conclusion the ALJ properly evaluated the opinion evidence of Dr. Jacobus, a doctor who provided a medical source opinion at May's request.

The ALJ must consider and evaluate the persuasiveness of the opinion evidence by considering the following factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors that tend to support or contradict the opinion.  20 C.F.R. §§ 404.1520c(b), (c), 416.920c(b), (c).  Supportability and consistency are the most important factors to consider, and an ALJ must explain how these factors are considered in the determination or decision.  20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2).

Supportability denotes "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation[.]" *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, *5853, 2017 WL 168819 (Jan. 18, 2017).  As to the consistency factor, "[t]he more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  In other words, consistency denotes "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." *Revisions to Rules*, 82 Fed. Reg. at *5853.

"[T]he ALJ must both identify evidence that supports his conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).  "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]" *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).

Here, the Court concludes the ALJ properly evaluated the opinion evidence of Dr. Jacobus. As to the supportability factor, the Magistrate Judge discussed the ALJ's report where he opined Dr. Jacobus's "assessment is not persuasive as [his] treatment history with [May] is remote in time and [h]is current evaluation was performed at the request of [May]." A.R. at 20.  Furthermore, and as specifically relevant to this objection, the ALJ, in his report, also noted Dr. Jacobus's "opinion is not supported by [May's] diagnostic tests showing . . . no acute abnormalities." *Id.* at 21.

May, in her objection, appears to argue the ALJ's consideration of the remoteness in time of Dr. Jacobus's opinion, as well as the fact it was performed at her request, are unable to speak to the supportability factor.  This argument is meritless and misstates the comprehensive reasoning of the ALJ. As noted in the preceding paragraph, the ALJ arrived at his conclusion based on, among other things, the fact May's diagnostic tests directly contradicted Dr. Jacobus's opinion. At bottom, the Court concludes the Magistrate Judge properly determined the ALJ appropriately evaluated the opinion of Dr. Jacobus, and this objection will be overruled.

Turning to May's second objection, she posits the Magistrate Judge incorrectly concluded the ALJ properly weighed the evidence on differing medical opinions while specifically rejecting Dr. Jacobus's.

"Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). And, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith*, 99 F.3d at 638.

Here, a review of the record demonstrates the ALJ properly weighed evidence from different medical opinions that formed the basis for rejecting Dr. Jacobus's. *See generally* Report at 11 ("The ALJ's discussion of other findings in the record that were inconsistent with Dr. Jacobus's opinion illustrates his consideration of the consistency factor under [the appropriate regulations]."). And, as noted by the Magistrate Judge, "[t]o the extent May argues other evidence in the record supports her position, this Court may not overturn a decision that is supported by substantial evidence just because the record may contain conflicting evidence." *Id.* at 12. The ALJ properly weighed all evidence before him and resolved evidentiary conflicts between different medical opinions. Thus, this objection will be overruled as well.

Third, May objects to the Magistrate Judge's determination the ALJ did not improperly interpret raw medical data when he noted Dr. Jacobus's "opinion is not supported by [May's] diagnostic tests showing some [Degenerative Disk Disease (DDD)] in the lumbar spine but with only a suggestion of subtle compression of the nerve root at L4-5 and no acute abnormalities, as well as DDD of the thoracic spine without any acute abnormalities or severe stenosis." A.R. at 21. Thus, according to May in her objection, this statement by the ALJ demonstrates he was playing doctor and improperly interpreting raw medical data for himself to undermine Dr. Jacobus's expert medical opinions.

"[A]n ALJ cannot play the role of doctor and interpret medical evidence when he or she is not qualified to do so." *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007). And, "an ALJ cannot

disregard medical evidence simply because it is at odds with the ALJ's own unqualified opinion." *Id.*

Here, May's contention the ALJ played doctor and interpreted raw medical data for himself to the detriment of Dr. Jacobus is meritless. The Magistrate Judge, in her Report, appropriately notes the ALJ's comments merely summarized a doctor's interpretation of medical data, "not interpret[ed] it for himself." Report at 13. Consequently, the Court concludes the ALJ failed to "play the role of doctor[,]" *Murphy*, 496 F.3d at 634, and this objection will be overruled, too.

Lastly, May objects to the Magistrate Judge's conclusion any potential shortcomings in the ALJ's explanation of the limitations on May's daily activities was harmless because other evidence supported the ALJ's assessment of the persuasiveness of Dr. Jacobus's opinion.

When considering the intensity and persistence of a claimant's symptoms, such as pain, and determining the extent to which a claimant's symptoms limit her capacity for work, the relevant regulations provide an ALJ will consider relevant factors such as a claimant's "daily activities." 20 C.F.R. § 404.1529(c)(3)(i). But, "[a]n ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Here, in assessing the persuasiveness of Dr. Jacobus's opinion, the ALJ noted the opinion was inconsistent with May's daily activities. Although May correctly notes the ALJ omitted qualifying language when listing May's ability to complete such daily activities such as driving, preparing meals, cleaning the house, and mowing the lawn on a riding lawnmower, the Court agrees with the Magistrate Judge's determination this omission fails to eviscerate the plethora of other evidence, as discussed in this Order, the ALJ considered when concluding Dr. Jacobus's opinion lacked persuasiveness. Other district court judges have arrived at the same conclusion.

*See, e.g., Henson v. Berryhill*, C/A No. 1:15-cv-00123-RJC, 2017 WL 5195882, at *8 (W.D.N.C. Nov. 9, 2017) (noting "[a]lthough the ALJ did not accurately recount the limitations put forth on [p]laintiff's daily activities, he nonetheless recounted medical evidence to support his conclusion that [p]laintiff's testimony was not entirely credible.") (footnote omitted)); *Harvey v. Saul*, C/A No. 9:20-cv-00135-TMC, 2021 WL 3012641, at *5–6 (D.S.C. July 16, 2021) (noting although the ALJ omitted certain qualifying language when listing plaintiff's daily activities, this error failed to necessitate remand when the ALJ's decision was ultimately supported by substantial evidence). Consequently, this objection will be overruled.

In sum, the Court concludes there is substantial evidence to support the ALJ's conclusion May was not disabled under the Act during the relevant time period, and the ALJ's decision is free from reversible legal error. Further, the determination is reasonable. Accordingly, the Court will overrule May's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules May's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Kijakazi's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 25th day of February 2022, in Columbia, South Carolina.

                                                  s/ Mary Geiger Lewis  
                                                  MARY GEIGER LEWIS  
                                                  UNITED STATES DISTRICT JUDGE